**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL PENSION FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL WELFARE FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** | ) | |
| **AND WELFARE FUND, and CATHERINE** | ) | |
| **WENSKUS, not individually but as** | ) | |
| **Administrator of the Funds,** | ) | |
| | ) | **Case No. 23-cv-3220** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Thomas M. Durkin** |
| **v.** | ) | |
| | ) | |
| **GARTH MASONRY CORPORATION, an** | ) | |
| **Illinois corporation also d/b/a GARTH** | ) | |
| **CONSTRUCTION SERVICES, CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT DAMAGES IN
SUM CERTAIN AGAINST DEFENDANT**

Plaintiffs, Chicago & Vicinity Laborers' District Council Pension, Welfare and Retiree Health and Welfare Funds and Catherine Wenskus, (collectively referred to herein as the "Funds"), by and through their attorney, Sara S. Schumann, hereby move for entry of judgment damages in sum certain against Defendant Garth Masonry Corporation, doing business as Garth Construction Services, Corp. (hereinafter "Company"), pursuant to rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  In support of this Motion, Plaintiffs state:

1.      Plaintiffs filed their Complaint on May 22, 2023, seeking to compel Company to submit its books and records for a compliance review by an independent auditor, Calibre CPA Group, covering the period of April 1, 2019 forward (the "Calibre Audit"), and further seeking the amounts found owed per the Calibre Audit to Funds by Company, in unpaid benefit

contributions and Union dues, plus liquidated damages, accumulated interest, audit costs and the Funds' attorneys' fees and costs incurred in its efforts to audit and collect from Company (See Docket No. 1).

2.      Plaintiffs served Summons and Complaint on Company through the Illinois Secretary of State, after several attempts to serve Company's registered agent were unsuccessful. The Affidavit of Service from the Illinois Secretary of State was filed with the Court, reflecting Defendant's answer was due by August 15, 2023 (See Docket No. 12).

3.      On May 13, 2024, the order of default was entered against Company, after it failed to timely respond to the Complaint or otherwise defend this action (See Docket No.28).

4.      Company and the Construction and General Laborers' District Council of Chicago & Vicinity (the "Union") are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum Agreement"), which was also attached to Plaintiffs' Complaint, and is attached hereto as Exhibit A-1.  The Memorandum Agreement incorporates and adopts the Joint Agreements between the Union and various employer associations (Exh. A-1 at ¶2).  The Joint Agreements at all times relevant govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of relevant portions of a Joint Agreement ("CAICA Agreement") is attached as Exhibit A-2.

5.      Pursuant to Sections 502(e)(1) and (2) and 515 of the Employee  Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the Funds' respective Agreements and Declarations of Trust, Funds are entitled to judgment damages in sum certain against Defendant, pursuant to its obligations, arising from the Joint Agreements and the Memorandum Agreement (collectively

referred to as the "Agreement"), as well as from the also incorporated respective Funds' Agreements and Declarations of Trust, which true and accurate copies of relevant portions are attached hereto with the Affidavit of Funds' Field Department Representative Rocco Marcello (Exh.A Marcello Affidavit, Exh.A-1 Memorandum Agreement, Exh.A-2 Joint Agreement, Exh.A-3 Pension, Exh.A-4 Welfare, Exh.A-5 Retiree Welfare, Exh.A-6 Training, Exh.A-7 LECET, Exh.A-8 LDCLMCC).

6.      As explained by Mr. Marcello, the Agreement and the Funds' respective Agreements and Declarations of Trust to which Company is bound require it to submit benefit reports and contribution payments by the tenth day of the following month.  Payments not received within thirty (30) days of this date are assessed liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training Funds, and in the amount of ten (10) percent of the unpaid or late contributions to the LDCLMCC, CAICA and LECET (referred to as Ancillary Funds) and for Union dues, plus interest on all such amounts at the rate of twelve (12) percent from the date of the delinquency forward.  See, Exh. A Marcello Affidavit at ¶ ¶ 2-4.

7.      The Agreement and the Funds' respective Agreements and Declarations of Trust further obligate Company to submit its books and records to the Funds for periodic audits to determine benefit contribution compliance, and when there are findings or litigation is necessary to gain compliance with the auditing process the company is obligated to pay the audit costs, as well as obligated to obtain and maintain a bond. See, Exh. A, Marcello Affidavit at ¶¶2, 4-9).

8.      Additionally, per agreement the Funds have been duly authorized to act as collection agents on behalf of the Union for the collection of union dues owed (See, Exh. A, Marcello Affidavit at ¶3).

9.      The Funds selected the independent auditing firm of Calibre CPA Group, PLLC to conduct the audit of Company, covering the period from April 1, 2019 through March 31, 2022 (the "Calibre Audit").  Plaintiffs sent copies of the Calibre Audit report to the Defendant, with a deadline to raise any objections or provide payment. Defendant did not respond and those amounts remain owed at this time. A redacted copy of the Calibre Audit and Summary Report is attached hereto as Exhibit A-9.  The Calibre Audit reflects that $14,664.81, in unpaid principal contributions and dues, is owed to Funds for this audit period, and the total amount owed for that period per the Calibre Audit and Summary is $26,633.34.

10.     As established by Mr. Marcello, Funds are entitled to judgment damages against Company for the Calibre Audit and Summary in the total amount of $26,633.34, consisting of the following amounts:

| | |
|---|---|
| $ 14,664.81 | Principal contributions and dues |
| $ 2,867.63 | liquidated damages |
| $ 2,793.75 | audit costs |
| $ 6,307.15 | accumulated interest |
| **$ 26,633.34** | Total Amount Owed to Funds Per Calibre Audit |

 (See, Exh.A Marcello Affidavit ¶¶2-9; Exh. A-9 Calibre Audit and Summary).

11.     Plaintiffs are also entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as pursuant to the Agreement.  As established by the undersigned, Funds have incurred **$7,499.50** in attorneys' fees and costs in this action (See, Exh.B, Schumann Declaration, Exh.B-1 Fee Report, Exh.A, Marcello Affidavit at ¶10).

12.     Pursuant to the Agreement, Defendant must obtain and maintain a bond (See Exh. A, Marcello Affidavit at ¶5).

13.     Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award for judgment damages in the total amount of **$34,132.84** in favor of the Funds and against the Defendant, Garth Masonry Corporation, doing business as Garth

Construction Services Corp., and respectfully request the Court set this motion for hearing in mid-July to allow time for confirmation of return receipt certified mail, as Plaintiffs will provide, as stated in the Certificate below, a copy of this motion and the proposed draft order, and will further provide by certified mail a letter notifying Defendant of the date the Court subsequently sets this motion for hearing.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs and pursuant to Rule 55(b) of the Fed R. Civ. P., in the total amount of **$34,132.84**, against Defendant Garth Masonry Corporation, doing business as Garth Construction Serviced Corp.

Respectfully submitted,

LABORERS' PENSION FUND, et al.,

June 18, 2024                                     By: _____/s/ Sara S. Schumann_
                                                          *Associate Fund Counsel*

Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused copies of the foregoing motion and draft order to be served upon the following individual and entity via certified mail sent on the 18th day of June 2024.

> Garth Masonry Corporation
> c/o Steven A. Garth
> Owner and President
> 2741 E 223 St.
> Chicago Heights, IL 60411
>
> Garth Masonry Corporation
> c/o Toi Lynn Garth-McGary
> Registered Agent
> 2741 223rd Street
> Sauk Village, IL 60411

                                                            /s/Sara S. Schumann